# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| CHARLES MUHAMMAD ABDUS-SHAHEED CUNNINGHAM, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 5:24-0031 |
| FCI BECKLEY, *et al.*, | ) ) ) |
| Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On February 28, 2024, Plaintiff, acting *pro se*,[1] filed his Amended Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 7 and 7-1.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) FCI Beckley (Food Services); (2) Mr. Bailey, Kitchen Manager at FCI Beckley; (3) John Doe, Nurse at FCI Beckley;[2] and (4) Ms. Fox, Nurse at FCI Beckley. (Id.) Plaintiff alleges that Defendants are violating his rights under the Eighth Amendment by denying him a nutritionally adequate diet and disregarding his food allergy to apples. (Document No. 7-1.) Plaintiff contends that he arrived at FCI Beckley around June, 2023. (Id.) During his initial intake screening, Plaintiff alleges that he first notified Nurse John Doe of his apple allergy. (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned specifically notified Plaintiff that his Amended Complaint would supersede any prior Complaints and Addendums, and there must be one integrated document that would provide the defendants with notice of the claims and allegations against them. (Document No. 5.)

[2] Plaintiff is **NOTIFIED** that service of process cannot be effectuated on "John Doe" or "Jane Doe" defendants. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's

Plaintiff complains that Nurse John Doe responded "well don't eat it" and failed to note the food allergy in his records. (Id.) Plaintiff further alleges that Nurse Fox, who took his blood pressure, asked if Plaintiff "would like to ask or tell her" anything else during his intake screening. (Id.) Plaintiff states that he also informed Nurse Fox of the apple allergy. (Id.) Plaintiff complains that Nurse Fox failed to make a note of the foregoing and merely stated she was surprised Plaintiff had such an allergy. (Id.) Plaintiff contends that he again began notifying staff of his apple allergy around September 1, 2023, by writing "sick calls." (Id.) Plaintiff explains that he began writing the "sick calls" because "at this time the kitchen was serving apples every day on two out of the three meals they served; touching all other food, preventing [Plaintiff] from eating all the food unless [Plaintiff] wanted to breakout or have [his] throat close." (Id.) Plaintiff states that "between 9/1/23 to 11/30/23, [he] started filing grievances and sicks calls about [his] condition but to no avail nothing was ever done." (Id.) Plaintiff acknowledges at the end of November 2023, a nurse finally took bloodwork to verify that Plaintiff had an apple allergy. (Id.) Plaintiff states that his bloodwork verified his apple allergy and Nurse Pugh advised Plaintiff that "a memo to all staff was sent out regarding this situation." (Id.) Plaintiff alleges that despite staff in the kitchen and food services being notified of his apple allergy, he continued to be served apples until 2024. (Id.) Plaintiff alleges that he was deprived of adequate food due to the cross-contamination. (Id.) Plaintiff concludes the foregoing resulted in cruel and unusual punishment in violation of the Eighth Amendment because he is not receiving a safe and nutritionally adequate diet. (Id.) Plaintiff requests monetary and declaratory relief. (Document No. 7, p. 5.)

---

responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom

On June 14, 2024, Plaintiff filed a Supplement to his Complaint alleging that staff were continuing to place apples on his food tray. (Document No. 8.) Plaintiff contends that he is often "not fed dinner or breakfast due to staff not bringing me food because the food had apples on the trays." (Id.)

### STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se*

---

Plaintiff believes caused him injury.

plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**DISCUSSION**

**1.      FCI Beckley (Food Services) is an Improper Party:**

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A

4

Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). To the extent Plaintiff has names FCI Beckley (Food Services) as a defendant in his Bivens action, FCI Beckley (Food Services) should be dismissed. Accordingly, the undersigned respectfully recommends that Plaintiff's claims against FCI Beckley (Food Services) be dismissed.

**2.     Eighth Amendment:**

The undersigned views Plaintiff's Amended Complaint as setting forth claims under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v.

Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be

called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [her] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

    In his Amended Complaint and Supplement, Plaintiff alleges that the individual Defendants are violating the Eighth Amendment by denying him a nutritionally adequate diet and acting with deliberate indifference to his serious medical need (food allergy to apples). See

Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985)(citation omitted)("[I]nmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'"); Sweeting v. Miller, 2015 WL 4773276, * 3 (W.D.Va. Aug. 12, 2015)("Food allergies may . . . give rise to a serious medical need, at least where those allergies prevent the inmate from receiving a safe or nutritionally adequate diet.") Plaintiff contends he is being subjected to unconstitutional conditions of confinement because his food allergy prevents him from receiving safe and adequate nourishment. Plaintiff further alleges that his food allergy is a serious medical condition because Plaintiff's exposure to apples causes Plaintiff to experience a rash and his "throat close." Plaintiff alleges that despite the individual Defendants' awareness of this serious medical need, Plaintiff is continuously provided apples on his food tray contaminating all food on the tray. Liberally construing Plaintiff's Amended Complaint and Supplement, the undersigned concludes that Plaintiff has alleged a facially plausible claim under the Eighth Amendment again the individual Defendants.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Amended Complaint and Supplement (Document Nos. 7, 7-1, and 8) as to all claims against FCI Beckley (Food Services), and **REFER** this matter back to the undersigned for further proceedings concerning Plaintiff's Eighth Amendment claims against the individual Defendants.[3]

---

[3] By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs and directed the Clerk's Office to issue process upon the individual Defendants as to Plaintiff's Eighth Amendment claims.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 2, 2024.

Omar J. Aboulhosn
United States Magistrate Judge