UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CHARLES MUHAMMAD ABDUS-
SHAHEED CUNNINGHAM,

    Plaintiff,

v.

                                                        CIVIL ACTION NO. 5:24-cv-31

FCI BECKLEY (*food services*),
KITCHEN MANAGER BAILEY, MR. LAW,
and DR. ADKINS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Charles Cunningham's *pro se* Letter-Form Objections [ECF 44] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on April 3, 2025. [ECF 42].

**I.**

This action was previously referred to Magistrate Judge Aboulhosn, for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R on April 3, 2025, [ECF 42] in which he addressed Mr. Cunningham's negligence claim under the Federal Torts Claim Act ("FTCA") and his *Bivens* claim alleging certain constitutional violations. [*Id*. at 9, 17]. Magistrate Judge Aboulhosn recommended the Court grant Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgement" [ECF 31], deny as moot Mr. Cunningham's Motion for Summary Judgement [ECF 27], and Supplemental Motion for Summary Judgement [ECF 38], and

remove this matter from the docket. [ECF 42 at 29-30]. Mr. Cunningham timely objected to the PF&R on May 2, 2025. [ECF 44].

## II.

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection ... is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted)); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). A court, therefore, need not, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

The Court notes Mr. Cunningham's objections largely reiterate his claims against Defendants, alleging both negligence and constitutional violations stemming from facility staff's refusal to provide dietary accommodations for his apple allergy. Nonetheless, Mr. Cunningham has made one cognizable and substantive objection to the PF&R that warrants review.

Reduced to its essence, Mr. Cunningham objects to the Magistrate Judge's conclusion that he failed to exhaust his available administrative remedies, warranting dismissal of both his FTCA and *Bivens* claims. [ECF 44 at 1]. Specifically, he appears to maintain the

2

administrative remedy process was unavailable through no fault of his own. [*Id*. at 1-3]. He asserts he submitted "multiple grievances/sick calls" to prison staff, but they were either "destroyed," "lost," or went unanswered. [*Id*. at 1].

As thoroughly explained by the Magistrate Judge, the administrative exhaustion requirements for FTCA and *Bivens* claims differ. [*See* ECF 15-23]. As to the former, an inmate must submit his FTCA claim to the appropriate federal agency by way of "an executed Standard Form 95 *or other written notification* . . . ." prior to initiating the action in federal court. 28 C.F.R. § 14.2(b) (emphasis added). The FTCA exhaustion requirements are jurisdictional, established by regulation, and may be satisfied without involvement of or reliance on facility staff. Indeed, an inmate may satisfy the FTCA exhaustion requirements by directly mailing his handwritten claims on a standard sheet of paper to the relevant BOP regional office for review, so long as he supplies the necessary information.[1]

To the extent Mr. Cunningham's objections are related to his FTCA claim,[2] they are meritless inasmuch as (1) FTCA exhaustion does not require filing grievances internally on a specific form only obtainable through facility staff, and (2) a Content Manager[3] search pertaining

---

[1] As explained by the Magistrate Judge, the information includes (1) the date of the incident and claim, (2) the location of the incident, (3) an explanation of the events, (4) names of witnesses, (5) a description of the injury or property loss, (6) the sum certain claimed, and (7) the claimant's signature. [ECF 42 at 16].

[2] Mr. Cunningham's description of his unsuccessful attempts to submit grievances to prison staff appears to indicate his objections are more properly directed toward the Magistrate Judge's dismissal of his *Bivens* claim for failure to exhaust, rather than his FTCA claim. Nonetheless, out of an abundance of caution, the Court will address his objections as pertaining to the dismissal of both claims.

[3] Misty Shaw is a paralegal with the BOP's Mid-Atlantic Regional Office. Her declaration explains the Content Manager as "the BOP's database containing inmates' filings regarding [FTCA] . . . claims[.]" [ECF 31-1 at 2 ¶ 5]. To the extent Mr. Cunningham attempts to challenge

3

to Mr. Cunningham revealed he has never submitted an FTCA claim with the BOP. Indeed, as explained by the Magistrate Judge, Mr. Cunningham's ability to actively litigate his FTCA claim in this Court demonstrates he "had the ability to properly present his claim through the [FTCA] administrative process" but failed to do so, rendering his unavailability contentions unpersuasive. [ECF 42 at 16]. Accordingly, the Court finds no error in the Magistrate Judge's conclusion that Mr. Cunningham's FTCA claim should be dismissed for failure to exhaust.

Mr. Cunningham's objections fare no better with respect to his *Bivens* claim. As discussed at length by the Magistrate Judge, the exhaustion requirement mandated by the Prison Litigation Reform Act ("PLRA") is excused where the administrative process is rendered unavailable by no fault of the inmate. *See Ross v. Blake*, 578 U.S. 632 (2016). As explained by our Court of Appeals, the Supreme Court has recognized three instances of unavailability:

> First, an administrative procedure is unavailable when it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Such a scenario involves a situation in which "rules are so confusing that no reasonable prisoner can use them," rendering the remedies "essentially unknowable." Third, a remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Williams v. Carvajal*, 63 F.4th 279, 290 (4th Cir. 2023) (quoting *Ross*, 578 U.S. at 643–44). Mr. Cunningham's contentions appear to fall within the first and third circumstance, inasmuch as he asserts his grievances have either been deliberately destroyed or lost by facility staff or have simply gone unanswered. To the extent he asserts unavailability by way of unanswered grievances, the

---

the validity of Ms. Shaw's declaration in his objections, he relies exclusively upon his own bare assertions as opposed to any objective proof.

4

contention is contradicted by the fact that a SENTRY[4] search revealed he has never filed any administrative remedy grievance regarding his *Bivens* claim during his incarceration at FCI Beckley. His assertions respecting the thwarting of the administrative process by facility staff are likewise unavailing inasmuch as they are unsubstantiated and conclusory. Indeed, he adduces no evidence, aside from his own bare assertions, respecting the purported deliberate destruction and misplacement of his submitted grievances by prison staff.

Moreover, the record evidence indicates the administrative process at FCI Beckley was accessed regularly by inmates at the facility between the time Mr. Cunningham's underlying claims occurred in June 2023 and the filing of his Complaint in January 2024. [ECF 42 at 24, 27.] As noted by the Magistrate Judge, "[t]he ability of other inmates at FCI Beckley to file . . . grievance[s] during this time period" tends to "exhibit[] that the administrative remedy process was available." [*Id*. at 27]. Accordingly, the Court finds no error in the Magistrate Judge's conclusion that Mr. Cunningham's failure to exhaust warrants dismissal of his *Bivens* claim.

### IV.

Based upon the foregoing discussion, the Court **OVERRULES** Mr. Cunningham's objections[5] [**ECF 44**], **ADOPTS** the PF&R [**ECF 42**], **GRANTS** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgement [**ECF 31**], **DENIES AS MOOT** Mr. Cunningham's Motion for Summary Judgement and Supplemental Motion for Summary Judgement [**ECF 27, 38**], and **REMOVES** this matter from the Court's docket.

---

[4] SENTRY is the BOP's database, which tracks, *inter alia*, "administrative remedies of inmates in federal custody." [ECF 31-1 at 2 ¶ 2].

[5] Mr. Cunningham requests appointment of counsel within his objections. That request is **DENIED AS MOOT** in light of the Court's rulings herein.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: July 21, 2025

Frank W. Volk
Chief United States District Judge